# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TAVARES KEITH, | : | MOTION TO VACATE |
| BOP ID 65992-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:17-CV-2781-ODE-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:14-CR-168-ODE-CMS |

## FINAL REPORT AND RECOMMENDATION

In May 2014, Tavares Keith was charged in a three-count indictment. *See* [1]. Two months later, Keith entered a guilty plea to armed bank robbery in violation of 18 U.S.C. § 2113(a)&(d) and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(e), and the government agreed to drop a firearms charge brought under 18 U.S.C. § 924(c)(1)(A)(ii). *See* [48] at *passim*; *see also* [17-1] ("Guilty Plea and Plea Agreement").

Before sentencing Keith was determined to be an armed career criminal within the meaning of the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e), and a career offender within the meaning of the United States Sentencing Guidelines, *see* U.S.S.G. §§ 4B1.1 & 4B1.2. Keith's predicate offenses included a South Carolina conviction for a crime of

violence and three South Carolina convictions for controlled substance offenses. Keith did not object to these determinations. *See* [52] at 2.

In November 2014, the Honorable Orinda D. Evans sentenced Keith, *inter alia*, to concurrent 235-month terms of imprisonment on each count, *see* [25], which the government and the defense "agreed [was] the proper sentence," [52] at 2; *see also* [17-1] at 8 ("The Government and the Defendant agree to recommend that the Defendant be sentenced to 235 months.").

In March 2015, after his time to file a notice of appeal had expired, *see* Fed. R. App. P. 4(b)(1)(A), Keith filed a *pro se* motion requesting the appointment of counsel to pursue a direct appeal on his behalf, *see* [31]. Judge Evans denied this motion in April 2015, reciting the procedural history of the case and noting that "[a]ny appeal would be plainly frivolous." [32] at 2.

Nine months later, in August 2015, Keith alleged that he had "just received" a copy of Judge Evans's April 2015 Order and filed a *pro se* notice of appeal and another motion for the appointment of counsel. *See* [33] & [34]. In October 2015, Judge Evans denied Keith's second motion for the

appointment of counsel and denied him permission to proceed *in forma pauperis* on appeal. *See* [40].

In January 2016, the United States Court of Appeals for the Eleventh Circuit appointed counsel to represent Keith. *See* [43] & [44]. Seven months later, in August 2016, the Eleventh Circuit granted Keith's "voluntary motion to dismiss the appeal with prejudice." *See* [53].

This matter is now before the Court because Keith has filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *See* [54]; *see also* [55] (duplicative filing). Specifically, Keith contends that the Supreme Court's decisions in *United States v. Johnson*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), constitute new developments in the law that require that he be resentenced. *See* [54-1] at *passim*.[1]

The government contends that Keith's § 2255 motion should be dismissed because he waived the right to file it in his plea agreement or, in the alternative, that it should be denied because his claims, collectively,

---

[1] It is worth noting that the Supreme Court handed down its decisions in both *Johnson* (June 26, 2015) and *Mathis* (June 23, 2016) *before* Keith moved for dismissal with prejudice of his direct appeal on July 5, 2016, and the Eleventh Circuit granted that motion.

(i) were procedurally defaulted, (ii) are not cognizable in a § 2255 proceeding, and/or (iii) fail on the merits. *See* [61].

Because the government seeks to enforce the collateral attack waiver in Keith's plea agreement, I begin there. Keith's plea agreement stated that:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground . . . .

[17-1] at 14. This waiver was subject to only two exceptions–both relating to direct appeals–neither of which is applicable here.

Keith's plea agreement also included his separately-signed acknowledgment that he had discussed his appeal and collateral attack rights with his attorney and "underst[oo]d that the appeal waiver contained in the Plea Agreement [would] prevent [him], with the narrow exceptions stated, from appealing [his] conviction and sentence or challenging [his] conviction and sentence in any post-conviction proceeding." *Id.* at 17.

During the Rule 11 hearing, Judge Evans specifically discussed this waiver with Keith, eliciting his acknowledgment that he understood and agreed to it. *See* [48] at 12. And, as an overall matter, Judge Evans

determined that Keith's entry into the plea agreement was voluntary and knowing. *See id.* at 18.

The Eleventh Circuit has held that "[a] waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues– indeed, it includes a waiver of the right to appeal blatant error." *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999). And, as particularly relevant here, the Eleventh Circuit has held that collateral attack waivers preclude § 2255 motions based on ineffective assistance of counsel during sentencing. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). "Such waivers are valid if made knowingly and voluntarily. *See id.* And they are enforceable if either "(1) the district court specifically questioned the defendant concerning the appeal waiver during the plea colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* at 1341 (alteration adopted). As discussed above, those prerequisites were met in this case.

To avoid enforcement of his waiver, Keith responds that he did not enter into his plea agreement knowingly and voluntarily. *See* [65] at 2-3. Because Keith is proceeding *pro se*, I have construed his filings liberally.

5

*See, e.g., Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Keith argues that "the appeal waiver in this case cannot be enforced" because "[w]aiver is the intentional relinquishment or abandonment of a known right" and he did not know at the time he entered into his plea agreement that the Supreme Court would later hand down the *Johnson* and *Mathis* decisions. *See* [65] at 2. In other words, Keith argues that the appeal and collateral attack waiver in his plea agreement was invalidated or voided by subsequent legal developments. This argument is meritless.

As the Supreme Court has stated:

> [J]udgments may be made that in light of later events seem improvident, although they were perfectly sensible at the time. The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents, *a voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.*

*Brady v. United States*, 397 U.S. 742, 756-57 (1970) (emphasis added) (internal citation omitted). Consequently, "[a] plea of guilty . . . is not

6

subject to later attack because the defendant's lawyer correctly advised him with respect to the then existing law as to the possible penalties, but later pronouncements of the courts, as in this case, hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered." *Id.* at 757.

Applying *Brady*, the Eleventh Circuit, sitting en banc, emphatically rejected an argument advanced by multiple defendants that "a subsequent judicial pronouncement–namely, *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)]–reduced the maximum possible penalty they faced for their offense and that this new knowledge, of which they did not have the benefit during their plea colloquies, retroactively invalidated their guilty pleas." *United States v. Maldenado-Sanchez*, 269 F.3d 1250, 1285 (11th Cir. 2001) (en banc). Simply put: a guilty plea that was voluntary and intelligent when it was entered is not rendered involuntary or unintelligent by subsequent judicial decisions. *See id.* at 1286. Rather, "a knowing and voluntary waiver is valid and enforceable against claims based on subsequent changes in the law unless a provision in the plea agreement states otherwise." *United States v. Masilotti*, 565 F. App'x 837, 840 (11th

Cir. 2014) (collecting cases from the Second, Fourth, Sixth, Seventh, and Eighth Circuits).

As the Second Circuit has aptly observed:

[A defendant's] inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.

*United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005).

I am not persuaded otherwise by the single circuit case cited by Keith in his Reply: *United States v. Wright*, 681 F. App'x 418 (5th Cir. 2017). First, the Fifth Circuit's holding that "Wright ha[d] not waived his *Mathis*-based argument" rested in part on its conclusion that "the Government has waived the right to assert waiver by failing to object to Wright's appeal based on the waiver clause in his plea agreement." *Wright*, 681 F. App'x at 420. Second, the *Wright* panel did not address *Brady* or any of the multiple circuit court decisions that have concluded that subsequent legal developments do not render a plea agreement unknowing or involuntary. Third, *Wright* involved a direct appeal, not a collateral attack, and so involved no question of procedural default for failure to raise the issue sooner. And, fourth, the *Wright* panel did not publish its decision,

8

meaning it has no precedential value, even within the Fifth Circuit. *See* 5th Cir. R. 47.5.4 ("Unpublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine or res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitled to attorney's fees, or the like).)"

Again, in this case, the plea agreement itself and the plea colloquy transcript make it clear that Keith voluntarily and intelligently waived his right to appeal or collaterally attack his sentence, and the plea agreement did *not* include a provision stating that subsequent developments in the law would invalidate that waiver. Under these circumstances, the waiver is enforceable.

Accordingly, I **RECOMMEND** that the appeal and collateral attack waiver in Keith's plea agreement be enforced and that his § 2255 motion be **DISMISSED** pursuant to that waiver, as the government has advocated.[2]

---

[2] Because the appeal and collateral attack waiver in Keith's plea agreement is enforceable, it is unnecessary to reach the parties' additional arguments. *Cf. United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997) ("where it is clear from the plea agreement and the Rule 11 colloquy, or from some other part of the record, that the defendant knowingly and voluntarily entered into a sentence appeal waiver, that waiver should be enforced without requiring the government to brief the merits of the appeal"). *See also Burgess v. United States*, 874 F.3d 1292, *passim* (11th

I also **RECOMMEND** that a Certificate of Appealability be **DENIED** because Keith does not meet the requisite standards.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

Finally, I find and conclude that no evidentiary hearing is required in this case because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). *See also Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) ("'To allow indiscriminate hearings in federal post-conviction proceedings . . . for federal prisoners under 28 U.S.C. § 2255 . . . would eliminate the chief virtues of the plea system–speed, economy, and finality,'" and where the record includes a transcript of the plea colloquy, a § 2255 movant will be entitled to an evidentiary hearing "'only in the most

---

Cir. 2017) (requiring the government to invoke an appeal and collateral attack waiver before a district court may enforce it).

extraordinary circumstances.'") (quoting *Blackledge v. Allison*, 431 U.S. 63, 71, 80 n.19 (1962)).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED AND DIRECTED**, this 19th day of November, 2018.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE