FILED IN CHAMBERS
U.S.D.C. - Atlanta
MAR 0 6 2019
James N. Hatten, Clerk
By: /s/ TM Carter, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAVARES KEITH,
    Movant,

v.

UNITED STATES OF AMERICA,
    Respondent.

CRIMINAL ACTION NO.
1:14-CR-168-ODE

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation, [Doc. 68], (R&R) recommending that Movant's 28 U.S.C. § 2255 motion to vacate, [Doc. 54], as amended, [Doc. 55],[1] be denied. Movant has filed his objections in response to the R&R. [Doc. 71].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need

---

[1] It appears that the motion and the amended motion are identical.

not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

Movant entered a plea agreement and pled guilty to bank robbery and weapons charges. After determining that Movant qualified as an armed career criminal under the Armed Career Criminal Act (ACCA) 18 U.S.C. § 924(e), and as a career offender within the meaning of §§ 4B1.1 & 4B1.2 of the Sentencing Guidelines, this Court sentenced Movant to concurrent terms of 235 months and a consecutive sentence of five years. Movant appealed but later voluntarily dismissed his appeal.

Movant has now filed his § 2255 motion in which he raises two claims: (1) his Career Offender and Armed Career Criminal designations are invalid in light of the recent Supreme Court decisions in Mathis v. United States, 136 S. Ct. 2243, 2256-57 (2016) and Johnson v. United States, 135 S. Ct 2551 (2015), and (2) his South Carolina conviction for attempted armed robbery does not qualify as an ACCA predicate.

In the R&R, the Magistrate Judge concluded that the motion to vacate should be denied because of Movant's knowing and voluntary waiver of his § 2255 rights as part of his plea agreement. In particular, the Magistrate Judge noted that a voluntary and intelligent guilty plea is not rendered involuntary or unintelligent by subsequent judicial decisions, and a § 2255 waiver is valid and enforceable even against claims

based on subsequent changes in the law. Accordingly, even to the degree that Mathis and Johnson might otherwise provide Movant a valid claim, Movant cannot raise that claim because he waived his right to file a § 2255 motion.

In his objections, Movant raises a claim of ineffective assistance of counsel because of his counsel's failure to advise him that he could plead guilty without a plea agreement, thus preserving his right to appeal and to file a § 2255 motion. Movant further argues that he can demonstrate that he is actually innocent. As Movant raises these claims for the first time in his objections, this Court declines to consider them. See Williams v. McNeil, 557 F.3d 1287 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Movant's final argument relates to his claim that his South Carolina conviction should not have counted as an ACCA predicate, which does not indicate that the Magistrate Judge erred in concluding that his claims are barred by his knowing and intelligent § 2255 waiver.

Having reviewed the R&R in light of Movant's objections, this Court holds that the Magistrate Judge's findings and conclusions are correct. Accordingly, the R&R, [Doc. 68], is hereby **ADOPTED** as the order of this Court, and the motion to vacate, [Doc. 54], as amended, [Doc. 55], is **DENIED**. The Clerk is **DIRECTED** to close Civil Action Number 1:17-CV-2781-ODE.

AO 72A
(Rev.8/82)

Movant's motion for appointment of counsel and his other motions contained in [Doc. 65] are **DENIED** as moot. This Court agrees with the Magistrate Judge that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), and Movant is thus not entitled to a hearing. See Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014).

This Court further agrees with the Magistrate Judge that Movant has failed to make a substantial showing of the denial of a constitutional right, and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this \_\_\_5\_\_\_ day of March, 2019.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

4